Matassov v Matassov (2025 NY Slip Op 01212)

Matassov v Matassov

2025 NY Slip Op 01212

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2020-07374
 (Index No. 707002/20)

[*1]Theresa Anne Matassov, respondent,
v
George Matassov, appellant.

Ira Bierman, Jericho, NY, for appellant.
Michael Moscarello, New York, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated September 8, 2020. The order granted the plaintiff's motion pursuant to Domestic Relations Law § 237 for an award of counsel fees to the extent of awarding the plaintiff counsel fees in the sum of $50,000 and denied the defendant's cross-motion for an award of counsel fees.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's motion pursuant to Domestic Relations Law § 237 for an award of counsel fees to the extent of awarding the plaintiff counsel fees in the sum of $50,000, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the defendant.
The parties were married in September 1996, and have one child together. In October 2017, the plaintiff commenced this action for a divorce and ancillary relief. In January 2020, the parties entered into stipulations resolving all issues between them. Thereafter, the plaintiff moved pursuant to Domestic Relations Law § 237 for an award of counsel fees. In support of the motion, the plaintiff's attorney contended that under Domestic Relations Law § 237, the Supreme Court could award counsel fees to the plaintiff on the ground that the plaintiff was the less monied spouse and that "but for the manner in which Defendant conducted himself in this action, [the plaintiff's] fees would have been far less." The defendant opposed the motion and cross-moved for an award of counsel fees, contending, among other things, that he was the less monied spouse and that the plaintiff employed "dilatory and obstructionist tactics" and "engaged in lengthy litigation without any sense of responsibility for costs."
In an order dated September 8, 2020, the Supreme Court determined that the plaintiff was the less monied spouse and that "both parties engaged in conduct that was not conducive to a swift resolution of this action." Based upon the foregoing, the court granted the plaintiff's motion pursuant to Domestic Relations Law § 237 for an award of counsel fees to the extent of awarding her counsel fees in the sum of $50,000 and denied the defendant's cross-motion. The defendant appeals.
Under the circumstances of this case, including the merits of the parties' respective [*2]positions, the fact that both parties engaged in conduct not conducive to a speedy resolution of the action, and that the plaintiff failed to prove that she was the less monied spouse, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to Domestic Relations Law § 237 for an award of counsel fees (see DiNapoli v DiNapoli, 200 AD3d 1027, 1031-1032).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, CHAMBERS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court